Craig A. Crispin, OSB No. 824852
crispin@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770
Fax: 503-293-5766
    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
(Portland Division)

| | |
|---|---|
| **SHANNON McCABE,** an individual, | Case No. |
| Plaintiff, | |
| v. | |
| **PROVIDENCE HEALTH & SERVICES - OREGON**, and **DR. LAURA H. DAVIES**, an individual, | **COMPLAINT**<br>(Medical Leave Interference, Disability Discrimination; Retaliation) |
| Defendants. | |

## NATURE OF THE ACTION

1.    This is an action for violations of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(4), and for interference with plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. § 2615.

**NATURE OF THE ACTION**

2.  It is also an action for interference under Oregon's Family Leave Act, ORS 659A.150 to .186; for violation of Oregon statutes prohibiting Discrimination Against Persons with Disabilities, ORS 659A.112; for whistleblowing retaliation, ORS 659A.199 and ORS 659A.203; and retaliation, ORS 659A.030(1)(f).

**JURISDICTION AND VENUE**

3.  This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

4.  The court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5.  The employment practices described herein are alleged to have been committed in the District of Oregon.

**PARTIES**

6.  Plaintiff **SHANNON McCABE** is a resident of Beaverton, Oregon, who was at material times employed by defendant Providence Health and Services in Portland, Oregon.

7.  Defendant **PROVIDENCE HEALTH & SERVICES - OREGON** ("Providence") is a domestic nonprofit corporation. At all material times, defendant Providence employed 50 or more employees for each working day during each of 20 or more calendar

workweeks in the current or preceding calendar year and was and is an "employer" for purposes of the claims set forth in this complaint.

8.   Defendant **DR. LAURA H. DAVIES** is an individual employed by defendant Providence who at all relevant times was plaintiff's supervisor.

## PROCEDURAL REQUIREMENTS

9.   Plaintiff timely filed an administrative complaint with the Oregon Bureau of Labor and Industries, Civil Rights Division, and with the Equal Employment Opportunity Commission.

10.   Plaintiff has timely satisfied all administrative prerequisites, if any, to the filing of the statutory claims set forth in this complaint.

## GENERAL ALLEGATIONS

11.   McCabe began employment with Providence Portland Arthritis Center, part of Providence, in September 2013, and as of July 2016 worked as a Medical Scribe under the direction of defendant Dr. Laura Davies. She also reported to the Nurse Manager, Lori Hunziker.

12.   McCabe performed her duties satisfactorily and received annual performance reviews evaluating he as meeting or exceeding expectations. She I was recognized as making significant contribution to workflow and environment, specifically related to her working relationship with Dr. Davies.

13.   In August 2017, McCabe's teenage daughter developed a dangerous medical condition. McCabe sought protected medical leave to care for her daughter's serious health condition, specifically for intermittent leave to accommodate appointments in an outpatient treatment program.

14. When McCabe informed the Hunziker and Dr. Davies of her anticipated need for intermittent leave, Dr. Davies expressed concerns about the impact of intermittent leave on her workflow.

15. Several days later, McCabe's daughter began treatment. Attending to the treatment regimen required only minimal time away from her duties. Nonetheless, Dr. Davies began treating McCabe differently and was dismissive when McCabe attempted to talk with her about the leave and its minimal impact.

16. The adverse treatment by Dr. Davies worsened after each time McCabe made use of intermittent leave.

17. McCabe complained of Dr. Davies' discriminatory treatment to the Nurse Manager, Hunziker in mid-August 2017, informing her that since she started using intermittent medical leave, Dr. Davies had been making work difficult. She reported to Hunziker Dr. Davies' several discriminatory comments, including: "The situation with your daughter is really concerning me"; "How can anything get accomplished if you're not here?"; "Every time you take time off it's like we have to start all over"; "I really hope you resolve the family issues, I know it's difficult, but it's causing a problem with workflow"; and "I need you here and if this continues I'm not sure it's going to work."

18. McCabe asked Dr. Davies to provide any examples of concerns about her performance, to which Dr. Davies responded, "It's fine when you're here, but that doesn't exactly fix the problem for when you're not" and "I'm sure it's a lot of stress with your daughter, I hope you're seeing someone, I'd hate to see this become a performance issue."

19. Dr. Davies' hostile reaction to McCabe's need for medical leave was expressly

reflected on three occasions. On each such occasion, Dr. Davies abruptly stood up from her desk, glared at McCabe, and stormed to the Nurse Manager's office. It was apparent Dr. Davies' topic with the Nurse Manager was McCabe's intermittent medical leave.

20.     These episodes caused McCabe significant stress and anxiety.

21.     Nurse Manager Hunziker admitted that Dr. Davies repeatedly complained about McCabe's attendance and that McCabe's performance was meeting expectations and caused no concerns. Hunziker also advised McCabe that Dr. Davies had been "logging into the Providence system on her days off and must be monitoring what you're doing."

22.     Concurrently with the hostile environment arising from Dr. Davies' reaction to the intermittent medical leave, McCabe reported to Hunziker that Dr. Davies repeatedly took patients' printed charts home with her in violation of HIPAA regulations.

23.     In late August 2017, McCabe's daughter's medical condition escalated significantly to life threatening status. McCabe immediately reported to Hunziker that she was making plans to have her daughter admitted to an inpatient treatment program. McCabe's medical provider provided documentation establishing McCabe's need for a period of continuous leave.

24.     McCabe was off work on medical leave for only about a week, but when she returned to work, the hostility by Dr. Davies was increased, and Dr. Davies banished McCabe from her desk in Dr. Davies' office, thereby interfering in McCabe's ability to perform her duties.

25.     Following McCabe's use of medical leave in late August 2017, defendants removed some of her duties, and she was excluded from weekly staff meetings.

26. McCabe complained about the reduction of her duties and exclusion from staff meetings to Ms. Hunziker, but no action was taken to remedy them. Rather, the only response was the addition of chart prepping responsibilities for another physician.

27. McCabe's daughter completed her in-patient treatment, but relapsed on November 23, 2017 and was taken to Providence St. Vincent Hospital. McCabe kept in touch with Hunziker by exchanges of text messages, explaining that she planned to start her daughter on outpatient treatment the following Monday and would possibly require minimal intermittent leave. Hunziker replied that she would tell Dr. Davies.

28. The next day, Hunziker informed McCabe that after Dr. Davies became aware of the possible additional leave, she became "up to something" and that "Dr. Davies has gone above my head; I can only do so much."

29. McCabe informed Hunziker that she feared for her job. Hunziker responded by advising, "I think things at home are overwhelming you, maybe you need time to get things stable at home; resigning would make you eligible for rehire."

30. The following Monday, McCabe informed Hunziker that her daughter would in fact be entered into an inpatient treatment plan at a local Hospital, and therefore McCabe would not need the intermittent leave she had anticipated. She again expressed concerns about Dr. Davies' hostility toward her medical leave and told Hunziker she would be available to work.

31. On November 27, 2017, McCabe reported to work and Hunziker immediately ushered her into a room and explained that "Dr. Davies is talking to Megan [higher management] and she is not wanting to continue the relationship." Hunziker apologized, but added that her hands "are tied and she [Dr. Davies] is pushing hard for you to go."

32.  Hunziker explained that the "situation with your daughter" was allegedly interfering in Ms. McCabe's job. "I think you should clock out, go home, and get me a letter you want given to HR and I will state you're eligible for rehire."

33.  McCabe attempted to discuss other options, including alternative work positions, but Hunziker immediately stated, "That's not an option." McCabe asked if she would be fired if she did not resign, and Hunziker said, "That is what I see happening, yes, resigning will make you eligible for rehire."

34.  Defendants acted with the intent that McCabe quit her employment or under circumstances in which it was substantially certain that McCabe would quit due to the actions of defendants.

35.  McCabe did as instructed. Her November 28, 2018 resignation letter included the following: "Although my preference would have been a Personal or Family Leave of Absence, I did not feel that this option was available, possibly due to my prior leave for my daughter and the impact it has had on the Arthritis Center."

36.  McCabe was terminated, or alternatively, she was constructively terminated from employment with defendants.

## DAMAGES ALLEGATIONS

37.  Providence ended McCabe's health insurance benefits effective November 30, 2017, knowing that her insurance was covering the very significant costs of her daughter's inpatient treatment program. As a result, McCabe's claim for coverage of that hospitalization was denied, which resulted in McCabe's incurring significant expenses and extended debt. McCabe is entitled to recover from defendants economic damages relating to such losses.

38. As a result of the unlawful actions alleged herein, McCabe has and will continue to suffer economic damages. McCabe is entitled to recover from defendants such lost wages and benefits of employment and other economic losses in such amount as may be established at trial.

39. Reinstatement is not feasible, and plaintiff is entitled to recover an appropriate amount in lost future wages and lost earning capacity in an amount to be determined at trial.

40. As a further result of defendants' actions alleged herein, McCabe has suffered and is entitled to recover for her noneconomic damages, including physical, emotional, and mental harm in an amount found to be appropriate by a jury based on the evidence presented at trial. McCabe has sought medical treatment for these injuries and is also entitled to recover the cost of such medical treatment.

41. McCabe is entitled to a declaration that defendant acted in violation of the statutes set forth in this complaint for relief and equitable relief enjoining defendant from future violations of the statutes set forth herein, and such other relief in favor of McCabe on such terms as the court may direct.

42. Defendants acted intentionally with an improper, discriminatory, and abusive motive and with malice. The acts as described herein were done intentionally with a discriminatory motive and with malice or ill will or with knowledge that their actions violated state or federal law or with reckless disregard or callous indifference to the risk that their actions violated state law. Defendants acted as alleged herein in intentional and/or in reckless disregard of defendant's societal obligations, and committed the acts alleged with conscious indifference to the health, safety, and welfare of plaintiff. Defendants should be assessed punitive damages in an amount found sufficient by a jury to punish defendants and to deter defendants and others

from similar conduct in the future.

43.     McCabe is entitled to recover her reasonable attorney's fees, reasonable expert witness fees, and other costs of the action to be paid by the defendant pursuant to one or more of the following: 29 U.S.C. § 2617, 42 U.S.C. § 1988, ORS 659A.885.

## FIRST CLAIM FOR RELIEF
## Medical Leave Interference

### COUNT ONE Against Both Defendants
### Family Medical Leave Act – 29 U.S.C. § 2615

44.     McCabe incorporates paragraphs 1 through 8, 11 through 21, 23 through 39, 41, and 43 as though fully set forth herein.

45.     It is the purpose of the Family Medical Leave Act to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity and to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition.

46.     McCabe was an eligible employee as defined by 29 U.S.C. § 2611(2)(a).

47.     Defendant Providence was and is an employer as defined by 29 U.S.C. § 2611(4)(a).

48.     Defendant Davies acted, directly or indirectly, in the interest of Providence toward Providence employees, including McCabe, and is an employer as defined by 29 U.S.C. § 2611(4)(a)(ii)(I).

49.     McCabe's daughter had a serious health condition in that she had an illness,

impairment, or physical or mental condition that involved inpatient care in a hospital and continuing treatment by a health care provider.

50. McCabe utilized the benefits of protected medical leave for the serious health condition of her daughter.

51. In response to McCabe's request for and use of protected medical leave, defendants Davies and Providence discriminated against McCabe in the terms and conditions of her employment and in terminating her employment in violation of 29 U.S.C. § 2615(a).

52. Defendants acted willfully and without reasonable grounds to believe that their acts were not in violation of 29 U.S.C. § 2615.

53. As a result of defendants' violations as alleged in this claim for relief, McCabe is entitled to the interest on the amount awarded her as economic damages calculated at the prevailing rate and an additional amount as liquidated damages equal to the sum of the amount awarded as economic damages plus interest.

## COUNT TWO Against Both Defendants
## Oregon Family Leave Act – ORS 659A.183(2)

54. Plaintiff incorporates paragraphs 1 through 21, 23 through 38 through 41, 43, and 49 through 51 as though fully set forth herein.

55. Plaintiff was an eligible employee as defined by ORS 659A.150(2) and not excluded from eligibility by ORS 659A.156.

56. Defendant Providence was and is a covered employer as defined by ORS 659A.153(1).

57. In response to McCabe's request for and use of protected medical leave,

defendants discriminated and retaliated against McCabe in the terms and conditions of her employment and in terminating her employment in violation of ORS 659A.183(2).

58. Defendant Davies to help, assist, or facilitate the commission of the unlawful employment practice alleged herein, promoted the accomplishment thereof, helped in advancing or bringing them about, or encouraging, counseling or inciting as to their commission and is therefore individually liable under plaintiff's state statutory claims for relief as aider and abettor pursuant to ORS 659A.030(1)(g).

59. Defendant Davies is an individual pursuant to ORS 659A.001(9)(a) and is liable as an individual who retaliated against plaintiff pursuant to ORS 659A.030(1)(f).

## SECOND CLAIM FOR RELIEF
### (Disability Discrimination)

### COUNT ONE: Against Defendant Providence
### Disability Discrimination – Americans with Disabilities Act, 42 U.S.C. § 12112

60. Plaintiff incorporates paragraphs 1 through 21 and 23 through 43 as though fully set forth herein.

61. Plaintiff's daughter is a disabled person in that she has a physical or mental impairment that substantially affects one or more major life activities, including thinking and concentrating, communicating, caring for herself, and interacting with others, and her impairments substantially affected one or more major bodily functions, including her brain and neurological systems.

62. Defendant Providence and its agents discriminated against plaintiff in the terms and conditions of her employment and in terminating her employment due to her association

with a person with a disability, *i.e.,* her daughter.

63. Defendant Providence's conduct as described herein is in violation of 42 U.S.C. § 12112.

## COUNT TWO: Against All Defendants
## Disability Discrimination – ORS 659A.112

64. Plaintiff incorporates paragraphs 1 through 21, 23 through 43, 61, and 62 as though fully set forth herein.

65. Defendants conduct as described herein is in violation of ORS 659A.112.

## THIRD CLAIM FOR RELIEF
## (Whistleblowing Retaliation)

## COUNT ONE: Against both Defendants
## ORS 659A.199

66. Plaintiff incorporates paragraphs 1 through 43 as though fully set forth herein.

67. McCabe's complaints, opposition, and resistance to defendants' violations of law as alleged herein were complaints that plaintiff believed constituted evidence of a violation of a state or federal law, rule or regulation.

68. Taking as true Hunziker's promise that McCabe would be eligible for rehire if she resigned, McCabe thereafter applied for multiple jobs at Providence. All have been automatically returned "not a candidate for further consideration." Providence's refusal to consider McCabe's applications for open positions are additional acts of retaliation in response to her complaints of the violations of statute, regulation, or rule or mismanagement, gross waste of funds or abuse of authority by the employer.

69. Defendants retaliated against McCabe in the terms and conditions of her

employment and in terminating her employment due to such complaints in violation of ORS 659A.199.

## COUNT TWO: Against both Defendants
## ORS 659A.203

70. Plaintiff incorporates paragraphs 1 through 43, 67, 68, and 69 as though fully set forth herein.

71. McCabe's complaints, opposition, and resistance to defendants' violations of law as alleged herein were complaints that plaintiff believed constituted evidence of the violation of federal, state or local law, rule or regulation and/or mismanagement, gross waste of funds or abuse of authority by the employer.

72. Defendants retaliated against McCabe in the terms and conditions of her employment and in terminating her employment due to such complaints in violation of ORS 659A.203.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the Court to:

1. Declare defendants in violation of the statutes set forth in plaintiff's claims for relief;

2. Order defendants to make plaintiff whole by providing compensation for non-economic losses in amount as are awarded by the court or a jury;

3. Order defendants to make plaintiff whole by compensating her for her past and future economic damages;

4. Order defendants to compensate plaintiff by paying her liquidated damages equal

to the sum of the amount awarded as economic damages plus interest;

      5.     Assess punitive damages against defendants in such amounts as are found appropriate by a jury to punish such defendants and deter them and others from similar conduct in the future;

      6.     Award plaintiff her costs of suit and reasonable attorney fees, costs, and expert witness fees;

      7.     Order defendants to pay prejudgment interest and post-judgment interest on all amounts due to plaintiff as a result of this action, with interest at the prevailing rate; and

      8.     Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

DATED February 12, 2019.

                                        **CRISPIN EMPLOYMENT LAW PC**

By:    s/ Craig A. Crispin
         Craig A. Crispin OSB No. 824852
         Ashley A. Marton OSB No. 171584
         Of Attorneys for Plaintiff